Dear Mr. Busby:
You have requested an opinion from our office regarding the liability of a communications district created by the Sabine Parish Police Jury pursuant to R.S. 33:9101 et seq. Specifically, you asked the following questions:
1. Does the Sabine Parish Communications District fall under the State of Louisiana umbrella of liability? If it does, does the State also cover legal representation for the district and the commissioners?
2. In the event that this district and similar districts in other parishes are not covered by state liability protection, would they have an affordable means to purchase such coverage when their revenues are limited to a maximum telephone service charge to fund the enhanced emergency 911 service?
R.S. 33:9101 authorizes any parish to create a communications district. Such districts are political and legal subdivisions of the state with the power to sue and be sued in their corporate names to incur debt and issue bonds. As a political subdivision, the district, and not the state, is ultimately responsible for any liability resulting from its actions or inactions.
R.S. 42:1441 specifically provides that the State of Louisiana shall not be liable for damages caused by a public officer of a political subdivision, and defines political subdivision to include a special district, such as that created by R.S. 33:9101 et seq. Further, Article 12, Section 10(C) of the Louisiana Constitution of 1974 2 which states in part, "No judgment against the state, a state agency, or political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered", indicates an intent that the judgment rendered against a political subdivision be paid by funds appropriated by that subdivision.
It is the conclusion of this office that the Sabine Parish Communications District is not a state agency, but rather a political subdivision. As such, the State of Louisiana is not responsible or liable for any judgments rendered against the Sabine Parish Communications District.
In response to your second inquiry, It should be noted that although the state is not ultimately liable for any claims brought against the communications district, state law does afford the district some protection by way of providing limitations on claims brought against the district. R.S.9:2792.4 states,
 "A. As used in this section, a "member of a board, commission or authority of a political subdivision" means a person serving as an elected or appointed director, trustee, or a member of a board, commission, or authority of a municipality, ward, parish, or special district, board, or commission of the state, including without limitation, a levee district, school board, parish law enforcement district, downtown development district, tourist commission, port commission, publicly owned railroad board or commission, or any other local board, commission or authority.
 "B. A person who serves as a member of a board, commission, or authority of a political subdivision as defined in subsection (A) shall be not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct."
R.S. 13:5101 et seq provides additional limitations on suits brought against a political subdivision including limitations on where the suit may be brought, R.S. 13:5104, and the types and amounts of recovery that can be had, R.S. 5106.
Finally, R.S. 33:5153 and R.S. 42:1441.2 authorize political subdivisions to obtain general liability insurance for protection of claims brought against officers, agents, employees, etc., of political subdivisions.
As to "an affordable means to purchase such coverage", funds obtained from the service charge could be used, as the purchase of insurance is an expense "necessary to carry out all purposes of the district" as used in R.S. 33:9106 (7). Your request seems to indicate however, that such funds will be insufficient to purchase liability insurance. In that event, it is suggested that the district seek assistance from the Sabine Parish Police Jury, either by including the district as an insured under the terms of the police jury's liability insurance, or providing the funds necessary to purchase a separate policy for the Communications District.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROY A. MONGRUE, JR. Assistant Attorney General
RPI/RAM, Jr./cdw